# UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
## DOCKETING STATEMENT--CIVIL/AGENCY CASES

**Directions:** Counsel must make a **docketing statement (civil/agency) filed** entry in CM/ECF within 14 days of docketing of the appeal, or within the due date set by the clerk's docketing notice, whichever is later. File with the entry the (1) docketing statement form with any extended answers and (2) any transcript order form. Parties proceeding pro se are not required to file a docketing statement. Opposing counsel who finds a docketing statement inaccurate or incomplete may file any objections within 10 days of service of the docketing statement using the ECF event-**docketing statement objection/correction filed**.

| | |
|---|---|
| **Appeal No. & Caption** | 26-2089 Brisson v. Housing Auth of Salisbury NC |
| **Originating No. & Caption** | 1:23-CV-00891 Brisson v. Housing Auth of Salisbury NC |
| **Originating Court/Agency** | Middle District North Carolina |

| **Jurisdiction** (answer any that apply) | | |
|---|---|---|
| Statute establishing jurisdiction in Court of Appeals | 28 USC 1291 | |
| Time allowed for filing in Court of Appeals | 30 days | |
| Date of entry of order or judgment appealed | 07/27/2026 | |
| Date notice of appeal or petition for review filed | 08/08/2026 | |
| If cross appeal, date first appeal filed | N/A | |
| Date of filing any post-judgment motion | N/A | |
| Date order entered disposing of any post-judgment motion | N/A | |
| Date of filing any motion to extend appeal period | N/A | |
| Time for filing appeal extended to | N/A | |
| Is appeal from final judgment or order? | ◉ Yes | ○ No |
| If appeal is not from final judgment, why is order appealable? | | |

| **Settlement** (The docketing statement is used by the circuit mediator in pre-briefing review and mediation conducted under Local Rule 33. Counsel may make a confidential request for mediation by calling the Office of the Circuit Mediator at 843-731-9099.) | | |
|---|---|---|
| Is settlement being discussed? | ○ Yes | ◉ No |

| **Transcript** (transcript order must be attached if transcript is needed and not yet on file) | | |
|---|---|---|
| Is transcript needed for this appeal? | ◉ Yes | ○ No |
| Has transcript been filed in district court? | ○ Yes | ◉ No |
| Is transcript order attached? | ◉ Yes | ○ No |

| **Case Handling Requirements** (answer any that apply) | | |
|---|---|---|
| Case number of any prior appeal in same case | N/A | |
| Case number of any pending appeal in same case | N/A | |
| Identification of any case pending in this Court or Supreme Court raising similar issue | N/A<br>If abeyance or consolidation is warranted, counsel must file an appropriate motion. | |
| Is expedited disposition necessary? | ○ Yes | ◉ No |
| | If yes, motion to expedite must be filed. | |
| Is oral argument necessary? | ◉ Yes | ○ No |
| Does case involve question of first impression? | ○ Yes | ◉ No |
| Does appeal challenge constitutionality of federal or state statute in case to which federal or state government is not a party | ○ Yes | ◉ No |
| | If yes, notice re: challenge to constitutionality of law must be filed. | |

**Nature of Case** (Nature of case and disposition below. Attach additional page if necessary.)

Plaintiff was fired almost immediately after she raised her need for an accommodation for her chemical sensitivity disability.

Plaintiff sought a minimal (30 day) extension of the discovery period in order to take the deposition of the former employee for whom Defendant had failed to provide an address during discovery. The Court denied the motion for the additional time.

The Court ordered the parties to appear and engage in settlement discussions and at a hearing convened afterwards, the Court granted summary judgment against the Plaintiff from the bench, narrating the Court's reasons for doing so.

**Issues** (Non-binding statement of issues on appeal. Attach additional page if necessary)

Whether the Court abused its discretion in denying the motion to extend the discovery period for 30 days to take the deposition of a former employee who supervised Plaintiff and to whom Plaintiff disclosed her disability given that the Defendant failed to provide Plaintiff any contact information for the supervisor either in its initial disclosures or during discovery.

Whether the Court erred as a matter of law in granting summary judgment in favor of Defendant because it failed to recognize genuine issues of material fact and drew inferences from the facts it found against Plaintiff, the non-moving party.

**Adverse Parties** (List adverse parties to this appeal and their attorneys; provide party's address if the party is not represented by counsel. Attach additional page if necessary.)

| | |
|---|---|
| Adverse Party: Housing Auth. of Salisbury NC | Adverse Party: |
| Attorney: Patrick H. Flanagan<br>Address: Cranfill Sumner<br>P.O. Box 30787<br>Charlotte, NC 28230 | Attorney:<br>Address: |
| E-mail: phf@cshlaw.com | E-mail: |
| Phone: (704) 332-8300 | Phone: |

**Adverse Parties (continued)**

| | |
|---|---|
| Adverse Party: | Adverse Party: |
| Attorney:<br>Address: | Attorney:<br>Address: |
| E-mail: | E-mail: |
| Phone: | Phone: |

| **Appellant** (Attach additional page if necessary.) | |
|---|---|
| Name: Semone Brisson<br><br>Attorney: Valerie L. Bateman<br>Address: New South Law Firm<br>209 Lloyd St., Ste 350<br>Carrboro, NC 27510<br><br>E-mail: valerie@newsouthlawfirm.com<br><br>Phone: 919-810-3139 | Name:<br><br>Attorney:<br>Address:<br><br>E-mail:<br><br>Phone: |
| **Appellant (continued)** | |
| Name:<br><br>Attorney:<br>Address:<br><br>E-mail:<br><br>Phone: | Name:<br><br>Attorney:<br>Address:<br><br>E-mail:<br><br>Phone: |

**Signature:** /s/ VALERIE L. BATEMAN **Date:** 08/24/2026

**Counsel for:** Plaintiff-Appellant Semone Brisson

**Certificate of Service** *(required for parties served outside CM/ECF)*: I certify that this document was served on ____________ by ☐ personal delivery; ☐ mail; ☐ third-party commercial carrier; or ☑ email (with written consent) on the following persons at the addresses or email addresses shown:

| | |
|---|---|
| Patrick H. Flanagan<br>phf@cshlaw.com | |
| Signature: /s/ VALERIE L. BATEMAN | Date: 08/24/2026 |